UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>**MORTGAGE ELECTRONIC** )<br>**REGISTRATION SYSTEMS, INC. and** )<br>**COUNTRYWIDE HOME LOANS, INC.,** )<br>)<br>    Appellants, )<br>V. )<br>)<br>**WARREN E. AGIN, TRUSTEE,** )<br>)<br>    Appellee. )<br>)<br>_____ ) | NO. 09-CV-10988-PBS |

**APPELLANTS' MOTION FOR CERTIFICATION OF A QUESTION
OF LAW TO THE SUPREME JUDICIAL COURT OF MASSACHUSETTS**

Appellants Mortgage Electronic Registration Systems, Inc. ("MERS") and Countrywide Home Loans, Inc. ("Countrywide") (collectively the "Appellants"), respectfully request that this Court certify the following question of law to the Supreme Judicial Court of Massachusetts (the "SJC"):

> Where the mortgagor appeared before the notary and executed the subject mortgage, and where the notary witnessed the mortgage and signed the Acknowledgment below the mortgagor's signature, does the omission of the mortgagor's name from the Acknowledgment constitute a material defect, thereby voiding the mortgage?

In support of this Motion, the Appellants state as follows:

1.   Rule 1:03 of the Rules of the SJC (the "Uniform Certification of Questions of Law Rule") provides that the SJC "may answer questions of law certified to it by . . . a United States District Court . . . when requested by the certifying court if there are involved in any proceedings before it questions of law of [Massachusetts] which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there

BOST1-967256-1

is no controlling precedent in the decisions of [the Supreme Judicial Court]." Sup. Jud. Ct. R. 1:03, § 1. The Uniform Certification of Questions of Law Rule may be invoked by an order to the SJC from this Court or upon the motion of any party to the pending case. *Id.*, § 2.

2. This Court has recognized that certification to the SJC may be appropriate where, in the Court's view, it is "unable to make a 'reasonably clear' prediction, with absolute confidence, that the [state court's] holding on th[]e issue." *Boos v. Abbott Labs.*, 925 F. Supp. 49, 57 (D. Mass. 1996) (quoting *Clarke v. Ky. Fried Chicken of Cal., Inc.*, 57 F.3d 21, 24 n.5 (1st Cir. 1995)); *see also Dynamic Mach. Works, Inc. v. Mach. & Elec. Consultants, Inc.*, 352 F. Supp. 2d 83, 92 (D. Mass. 2005) (certifying question to SJC where resolution of the determinative issue in the case depended on a question of Massachusetts law as to which there were no clearly controlling precedents in the decisions of the SJC).

3. The issue currently before this Court and the question that the Appellants are moving to have certified to the SJC are identical. Accordingly, the question which the Appellants seek to have certified will be determinative in the Appellants' appeal before this Court.

4. Massachusetts case law is silent as to whether the omission of a grantor's or mortgagor's name in a notary public's acknowledgment is a material defect. The United States Bankruptcy Court, District of Massachusetts (the "Bankruptcy Court"), recognized that this issue has not been decided by Massachusetts courts in its May 21, 2009 Memorandum and Order on Cross-Motions for Summary Judgment filed by the Chapter 7 Trustee of the estate of Matthew Giroux and the Appellants (the "Memorandum"), the decision which the Appellants are appealing. *See* Memorandum (attached hereto as <u>Exhibit A</u>), at 18. In the Memorandum, the Bankruptcy Court states that "[b]ecause there are no Massachusetts decisions which directly

address the issue of whether the omission of a grantor's or mortgagor's name in the acknowledgment form is a material defect, this Court must predict how the Massachusetts Supreme Judicial Court would resolve the issues with references to Mass. Gen. Laws ch. 183, §§ 29, 30." *Id.*

      6.      Given that there are no clearly controlling precedents in the decisions of the SJC with respect to the issue on appeal, this Court should certify the foregoing question to the SJC." *See Boos v. Abbott Labs.*, 925 F. Supp. 49, 57 (D. Mass. 1996); *see also Dynamic Mach. Works, Inc. v. Mach. & Elec. Consultants, Inc.*, 352 F. Supp. 2d 83, 92 (D. Mass. 2005).

      7.      In further support of its Motion, the Appellants rely on their Appellate Brief, which was filed with the Court contemporaneously with this Motion.

      8.      A Proposed Certification Order is attached hereto as <u>Exhibit B</u>.  Pursuant to Section 3 of the Uniform Certification of Questions of Law Rule, a proposed statement of all facts relevant to the question proposed to be certified and showing fully the nature of the controversy in which the question arose is included as an attachment to the Proposed Certification Order.

WHEREFORE, Appellants Mortgage Electronic Registration Systems, Inc. and Countrywide Home Loans, Inc. respectfully request this Court certify the foregoing question of law to the Supreme Judicial Court of Massachusetts.

        **APPELLANTS,**
        **MORTGAGE ELECTRONIC**
        **REGISTRATION SYSTEMS, INC., and**
        **COUNTRYWIDE HOME LOANS, INC.,**
        **By their attorneys,**

        /s/ Danielle Andrews Long
        Lawrence P. Heffernan, BBO #228660
        (lheffernan@rc.com)
        Clive Martin, BBO #545432
        (cmartin@rc.com)
        Danielle Andrews Long, BBO #646981
        (dlong@rc.com)
        ROBINSON & COLE LLP
        One Boston Place
        25th Floor
        Boston, MA 02108-4404
        Telephone:  617-557-5900
        Facsimile:   617-557-5999

Dated:  July 17, 2009

## CERTIFICATE OF SERVICE

    I, Danielle Andrews Long, hereby certify that this document, filed through the ECF system on July 17, 2009, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants.

                                                                     /s/ Danielle Andrews Long
                                                                     Danielle Andrews Long