UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
MORTGAGE ELECTRONIC                 )
REGISTRATION SYSTEMS, INC. and      )
COUNTRYWIDE HOME LOANS, INC.,       )
                                    )
        Appellants,                 )
                                    )
     v.                             )  NO. 09-CV-10988-PBS
                                    )
WARREN E. AGIN, TRUSTEE,            )
                                    )
        Appellee                    )
                                    )
```

**MEMORANDUM AND ORDER**

November 17, 2009

Saris, U.S.D.J.

## I. INTRODUCTION

Appellants Mortgage Electronic Registration Systems, Inc. ("MERS") and Countrywide Home Loans, Inc. ("Countrywide") appeal the decision of the Bankruptcy Court to grant the Chapter 7 Trustee's Motion for Summary Judgment.[1] In re Giroux, No. 08-14708, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009). This appeal presents the single issue of whether omission of the name of the mortgagor in the certificate of acknowledgment of a mortgage renders the mortgage avoidable in bankruptcy under 11

---

[1] The Court granted the Trustee's motion only in part, but the other issue is not on appeal. The Court denied Appellant's cross-motion.

U.S.C. § 544.[2]

After a review of the record, the Court **AFFIRMS** the Judgment of the Bankruptcy Court and **DENIES** Appellants' Motion for Certification of a Question of Law to the Supreme Judicial Court of Massachusetts.

## II.  FACTUAL BACKGROUND

The following facts are undisputed.

Debtor, Matthew Giroux, executed a mortgage in favor of MERS on December 19, 2005, with respect to property located at 949 Somerset Avenue, North Dighton, Massachusetts.  The acknowledgment appears on the same page as the Debtor's signature on the mortgage and that of the witness, who was also the notary public completing the acknowledgment.  The acknowledgment sets forth the following:

> Commonwealth of Massachusetts,                    County ss: Bristol
>     On this 19th date of December 2005, before me personally appeared
>
> to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.
>
>                                /S/Todd M. Sullivan
>                                Todd M. Sullivan    Notary Public
>                                My commission expires: 10/28/16

The Notary Public did not fill in Giroux's name in the space

---

[2] Section 544 allows the trustee to avoid a transfer of an interest in real property of the debtor to the extent a bona fide purchaser of the property may avoid the transfer "without regard to the knowledge of the trustee or of any creditor."

provided in the acknowledgment.[3]  The mortgage was recorded at the Registry of Deeds the same day.

Countrywide asserts a first mortgage interest in the property as MERS's assignee.

### III. PROCEDURAL BACKGROUND

The Debtor filed a voluntary Chapter 7 petition on June 27, 2008.  He listed the North Dighton property on Bankruptcy Schedule A — Real Property, with a value of $294,000, subject to two mortgages held by Countrywide.  On September 24, 2008, the Trustee filed a complaint against the Appellants, seeking a determination of MERS's secured status pursuant to 11 U.S.C. § 506(d) and avoidance of the mortgage pursuant to 11 U.S.C. § 544, in addition to counts under 11 U.S.C. § 550(a)(1) and (2).  The Trustee argued that because the acknowledgment lacks the identity of the party appearing before the notary public, the acknowledgment is materially defective and therefore avoidable.  The Bankruptcy Court granted the Trustee's Motion for Summary Judgment and allowed the Trustee to avoid the mortgage.  In a well-researched decision, the Bankruptcy Court predicted that the Massachusetts Supreme Judicial Court "would view the omission of the Debtor's name from the acknowledgment as a material defect in the acknowledgment of the Debtor's signature on the mortgage

---

[3] There is no evidence as to whether Giroux acknowledged verbally or in writing that he executed the mortgage as his free act and deed.

document." In re Giroux, 2009 WL 1458173, at *8.  This timely appeal followed.

## IV.   DISCUSSION

### A.   Standard of Review

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo.  Davis v. Cox, 356 F.3d 76, 82 (1st Cir. 2004).

### B.   A Bigg Problem

Appellants argue that the Bankruptcy Court made an error of law when it determined that the acknowledgment had a material defect.  Alternatively, they contend that this Court should certify the question to the Supreme Judicial Court because Massachusetts law is silent as to whether the omission of a grantor's or mortgagor's name in a notary public's acknowledgment is a material defect.

Massachusetts law governing acknowledgments provides:

> No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates . . . .

Mass. Gen. Laws ch. 183, § 29 (2003).  An Executive Order issued in 2004 regarding acknowledgments requires that an individual who signs the document: (a) appear "in person" before the notary public; (b) "is identified by the notary public through satisfactory evidence of identity"; and (c) indicate "to the

4

notary public that the signature on the document was voluntarily affixed by the individual for the purposes stated within the document . . . ."  See generally Revised Exec. Order No. 455 (04-04), § 2 (May 15, 2004).

The Bankruptcy Court concluded that Massachusetts requires strict formalities in the execution of acknowledgments.  In re Giroux, 2009 WL 1458173, at *8, *9.  The caselaw supports this conclusion.  See McOuatt v. McOuatt, 320 Mass. 410, 413-14, 69 N.E.2d 806, 809 (1946) (holding that failure of the person who signed the deed to make a declaration acknowledging that the conveyance was his "free act and deed" rendered the acknowledgment defective); cf. Graves v. Graves, 72 Mass. (6 Gray) 391, 392-93 (1856) (noting that an unacknowledged assignment, although recorded, does not operate as constructive notice); Poole v. Hyatt, 344 Md. 619, 636, 689 A.2d 82, 90 (1997) (a Maryland case commenting on Massachusetts' adherence to strict acknowledgment formalities).

Because Massachusetts is a strict formality state, the Court agrees with the Bankruptcy Court's prediction that the Massachusetts courts are likely to follow In re Biggs, 377 F.3d 515 (6th Cir. 2004), which held that the omission of the mortgagor's name in the acknowledgment was not a "purposeless formality" and resulted in the avoidance of a mortgage under 11 U.S.C. § 544(a)(3).  Id. at 519.  Moreover, there is no evidence

that the material defect in the acknowledgment at issue in this case was ever cured before or after recording.  See Mass. Gen. Laws ch. 183, §§ 36, 37 (2003).

### C. Certification of a Question of Law

A certification of a question of law to the Massachusetts Supreme Judicial Court is appropriate if there is a question of Massachusetts law that may be determinative of a matter pending in the certifying court and where there is no controlling Supreme Judicial Court precedent.  See Sup. Jud. Ct. R. 1:03, § 1.  Even in absence of controlling precedent, however, certification would be inappropriate where state law is sufficiently clear to allow the reviewing court "to predict its course."  In re Engage, Inc., 544 F.3d 50, 53 (1st Cir. 2008); see also Nieves v. Univ. of Puerto Rico, 7 F.3d 270, 274-75 (1st Cir. 1993) (holding that certification is unnecessary where a federal court can conclude that "the course the state court would take is reasonably clear") (internal citations and alterations omitted).  Although the question of the acknowledgment's validity is a determinative issue, the Court finds the outcome in the state court to be reasonably clear.  The request for certification is **DENIED**.

### ORDER

For the foregoing reasons, the judgment of the United States Bankruptcy Court, District of Massachusetts [Docket No. 13] is **AFFIRMED** and Appellants' Motion for Certification of a Question

of Law to the Supreme Judicial Court of Massachusetts [Docket No. 14] is **DENIED**.

                                                  **S/PATTI B. SARIS**  
                                                  United States District Judge